IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHAD BARRY BARNES, | Case No. 19-cv-00210-DKW-RT |
| Appellant, | |
| v. | Bankr. No. 14-01475 |
| KRISTIN KIMO HENRY, | |
| Appellee. | |

| | |
|---|---|
| CHAD BARRY BARNES, | Case No. 19-cv-00216-DKW-RT |
| Appellant, | |
| v. | Bankr. No. 14-01520 |
| SEA HAWAII RAFTING, LLC, | |
| Appellee. | |

## <u>ORDER CONSOLDIATING CASES AND SETTING BRIEFING SCHEDULE</u>

On April 24, 2019, Chad Barry Barnes (Appellant) filed a notice of appeal, appealing an order of the U.S. Bankruptcy Court titled, "Response to United States District Court's Directive," entered in the bankruptcy proceeding of Kristin Kimo Henry (Henry) ("the Henry Bankruptcy Appeal").   On the same day, Appellant filed a notice of appeal, appealing the exact same order of the Bankruptcy Court

entered in the bankruptcy proceeding of Sea Hawaii Rafting, LLC (SHR and, with Henry, "Appellees") ("the SHR Bankruptcy Appeal" and, with the Henry Bankruptcy Appeal, "the Bankruptcy Appeals").

Because the orders being appealed in the Henry Bankruptcy Appeal and the SHR Bankruptcy Appeal are identical, the Court finds that these appeals should be consolidated going forward as they involve common questions of law and fact. Further, consolidation of the Bankruptcy Appeals will produce savings in time and effort, while causing no inconvenience, delay, or expense. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (explaining that a court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."). Accordingly, the Clerk is instructed to consolidate Case Nos. 19-cv-210-DKW-RT and 19-cv-216-DKW-RT under the **19-cv-210-DKW-RT** case number. All future filings for the Bankruptcy Appeals shall be made in Case No. 19-cv-210-DKW-RT.

Finally, the Court notes that certificates of readiness have been entered in both of the Bankruptcy Appeals. As a result, the Court sets the following briefing schedule:

1) Appellant's Opening Brief due: August 9, 2019.

2) Appellees' Response Brief due: September 9, 2019.

3)  Appellant's Reply Brief, if any, due: September 20, 2019.

So it is clear, at a bare minimum, Appellant's Opening Brief must clearly identify the issue or issues being appealed, clearly explain how the Bankruptcy Court purportedly erred with respect to the issue, and provide legal support for the Bankruptcy Court's purported error.   Appellant's failure to do any of the foregoing may result in dismissal of the Bankruptcy Appeals.

IT IS SO ORDERED.

Dated: July 10, 2019 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

---

*Chad Barry Barnes v. Kristin Kimo Henry*; Civil No. 19-00210 DKW-RT; Bankr. No. 14-01475; *Chad Barry Barnes v. Sea Hawaii Rafting, LLC*; Civil No. 19-00216 DKW-RT; Bankr. No. 14-01520